**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| JAMES D. HOUSTON, SR. | : | Chapter 13 |
| | : | |
| Debtor | : | No. 17-16496-AMC |
| | : | |

************

**STANDING CHAPTER 13 TRUSTEE'S MOTION FOR**
**ALTERNATIVE DISBURSEMENT**

Scott. F. Waterman, Esquire, Standing Chapter 13 Trustee, by and through his counsel, requests that the Court authorize disbursement of certain funds to creditors for the following reasons:

1. Debtor filed the above-captioned Chapter 13 case on September 22, 2017 and his Amended Plan ("Plan") was confirmed on April 25, 2018 (See Doc 16].

2. The Debtor's Plan sets forth the following order of distribution of payments:

Level 1: Trustee's Commissions
Level 2: Domestic Support Obligations
Level 3: Adequate Protection Payments
Level 4: Debtor's attorney's fees
Level 5: Priority claims, pro rata
Level 6: Secured claims, pro rata
Level 7: Specially classified unsecured claims
Level 8: General unsecured claims
Level 9: Untimely filed general unsecured non-priority claims to which debtor has not objected.

See Plan, Section 8: Order of Distribution.

3. The Plan requires the Debtor to pay $57,360.00 to the Trustee over 60 months and as of May 18, 2022 the Debtor is current Trustee payments.

4. The Plan further provides that from the funds received by the Debtor the Trustee

shall disburse $49,294.26 to Wells Fargo Bank, N.A. (Claim 2-2) to cure pre-petition arrears on the Debtor's home mortgage. See Plan, section 4(b).

5. Wells Fargo Bank transferred its claim to PRPM 2021-3, LLC c/o Rushmore Loan Management Services ("Rushmore").

6. The remaining balance of the funds to be distributed under the Plan are to be paid to unsecured creditors on a *pro rata* basis.

7. To date Rushmore has received $43,197.68 from the Trustee.

8. On November 3, 2021 this court authorized the Debtor to refinance his mortgage to directly pay Rushmore off in full.

9. Upon information and belief the Debtor has directly paid off Rushmore as a result of the mortgage refinance and Rushmore has notified the Trustee that it is no longer in the bankruptcy.

10. When distributions are refused by a creditor and returned to the Chapter 13 Trustee, those funds should be disbursed to the remaining unpaid creditors. See In re Begoun, 2019 WL 3763955 at *2-*4 (Bankr.N.D. Ill 2019) and In re Hoffman, 2019 WL 1271457 (Bankr.W.D. Va. 2019).

11. The Debtor has not moved to modify the Plan.

12. Because it appears that Rushmore's claim has been paid as a result of the refinance, the funds being set aside for paying Claim 2-2 should be reallocated to pay the remaining unpaid creditors.

**WHEREFORE**, the Chapter 13 Trustee requests this Court authorize the Trustee not make any further disbursements to Rushmore Loan Management Services (Claim 2-2) and instead, disburse those funds to the remaining unpaid creditors in accordance with the terms of the Plan.

Date: May 23, 2022

Respectfully submitted,

*/s/ Ann E. Swartz, Esquire*
Ann E. Swartz, Esq.
for
Scott F. Waterman, Esquire
Standing Chapter 13 Trustee